# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL DUANE SMITH,

    *Petitioner*,

vs.

BRIAN WILLIAMS, *et al.*,

    *Respondents*.

Case No. 2:13-cv-01694-APG-VCF

**O R D E R**

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application (Dkt. #1) to proceed *in forma pauperis*, on his motion (Dkt. #2) for appointment of counsel, and for initial review of the papers presented pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

### *Pauper Application*

The pauper application is incomplete and will be denied without prejudice. Petitioner did not attach the financial documents required for an inmate to demonstrate pauper status. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, a petitioner must attach both an inmate account statement for the past six months and a properly executed financial certificate with the pauper application. Petitioner did not attach an inmate account statement, and the financial certificate submitted apparently is from a state court form rather than the Court's required federal form.

The defects in the pauper application must be corrected before the action will proceed forward. However, as discussed further below, the Court finds that a provisional grant of petitioner's motion for appointment of counsel is in the interests of justice, assuming financial

1  eligibility. The Court is proceeding with provisionally appointing counsel now so that counsel
2  will be able to proceed at this point to preserve petitioner's claims to the extent that, *arguendo*,
3  that may be accomplished.

4  However, petitioner still must timely: (a) pay the filing fee or submit a proper pauper
5  application; and (b) even if he pays the fee, submit sufficient financial materials – including a
6  current inmate account statement – confirming his financial eligibility for appointment of
7  counsel. If he fails to timely pay the filing fee or submit a proper pauper application, the action
8  will be dismissed without further advance notice. If he fails to confirm his financial eligibility,
9  the provisional appointment of counsel will not be confirmed.

10  With these qualifications, the Court turns to the motion for appointment of counsel.

### *Counsel Motion*

12  The Court finds that appointment of counsel would be in the interests of justice.

13  Petitioner Michael Duane Smith seeks to set aside his 2010 Nevada state conviction,
14  pursuant to a guilty plea, of home invasion. Petitioner did not pursue a direct appeal, but he
15  did file a timely state post-conviction petition. He failed to timely appeal the denial of the state
16  petition, however, and the state supreme court thereafter denied two untimely state appeals
17  from the state district court decision.[1]

18  Petitioner sought federal habeas review in, *inter alia*, No. 2:12-cv-01260-MMD-RJJ, but
19  the action was dismissed without prejudice because the petition was wholly unexhausted.
20  Petitioner at that time was pursuing a second state post-conviction petition. However, it was
21  clear at that time that an appeal had not yet been filed from the state district court's denial of
22  the second petition as untimely and successive and thereafter pursued to a conclusion. Prior
23  to the filing of this action, however, petitioner pursued an appeal of that denial through to an
24  adverse decision by the state supreme court in No. 61536 in that court.

---

[1] More detailed partial summaries of petitioner's state and federal writ histories may be found in No. 2:12-cv-01260-MMD-RJJ, #3, at 1-2 (D. Nev., July 19, 2012), and the state supreme court's April 10, 2013, order of affirmance in No. 61536 in that court, at note 2 in the order. The Court summarizes the prior writ history in broad overview without specifics such as dates.

1   Petitioner alleges that he suffers from paranoid schizophrenia which causes him, *inter
2   alia*, to hear voices. Such alleged mental illness potentially has relevance to petitioner's ability
3   to overcome the apparent untimeliness of the present federal petition, to his ability to
4   overcome the procedural default of exhausted claims, and to his merits claims, if reached,
5   challenging the voluntariness of his plea due to his alleged illness. Such alleged mental
6   illness also potentially may impact petitioner's ability to litigate those and other issues in this
7   action, as well as upon his ability to identify further merits issues that may warrant further state
8   and/or federal proceedings during the pendency of this action.

9   The motion for appointment of counsel therefore will be provisionally granted, subject
10  both to timely satisfaction of the filing fee requirement and confirmation of petitioner's financial
11  eligibility for appointment of counsel.

12  **IT THEREFORE IS ORDERED** that the application (Dkt. #1) to proceed *in forma
13  pauperis* is DENIED without prejudice. Petitioner shall have **thirty (30) days** within which to
14  either pay the $5.00 filing fee or submit a properly-completed pauper application. This action
15  will be dismissed without further advance notice if he fails to do so.

16  **IT FURTHER IS ORDERED** that the Clerk of Court shall file the petition.

17  **IT FURTHER IS ORDERED** that the motion (Dkt. #2) for appointment of counsel is
18  provisionally GRANTED as per the remaining provisions below. The counsel appointed will
19  represent petitioner in all proceedings related to this matter, including any appeals or *certiorari*
20  proceedings, unless allowed to withdraw. The provisional grant of the motion is subject to
21  petitioner, within **thirty (30) days** of entry of this order: (a) satisfying the filing fee requirement,
22  as directed above; and (b) if a properly-completed pauper application is not filed, filing a
23  current inmate account statement confirming his financial eligibility under 18 U.S.C. § 3006A.

24  **IT FURTHER IS ORDERED** that the Federal Public Defender shall be provisionally
25  appointed as counsel and shall have **thirty (30) days** to undertake direct representation of
26  petitioner or to indicate an inability to do so. If the Federal Public Defender is unable to
27  represent petitioner, the Court then shall appoint alternate counsel. A deadline for the filing
28  of an amended petition and/or seeking other relief will be set after counsel has entered an

appearance. The Court anticipates setting the deadline, taking into account the procedural history discussed herein, for approximately one hundred fifty (150) days from entry of the formal order of appointment. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims.

**IT FURTHER IS ORDERED**, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk shall add Attorney General Catherine Cortez Masto as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to her. Respondents' counsel shall enter a notice of appearance within **twenty-one (21) days** of entry of this order, but no further response shall be required from respondents until further order of this Court.

The Clerk accordingly shall SEND a copy of this order to the *pro se* petitioner (along with a copy of the papers that he submitted), the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this Division. The Clerk further shall regenerate notices of electronic filing of all prior filings herein to both the Nevada Attorney General and the Federal Public Defender.

DATED:  November 8, 2013.

_____
ANDREW P. GORDON
United States District Judge